UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Robert McClellan, Individually, | ) |
| | ) Case No. _____ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **COMPLAINT** |
| Montana-Dakota Services, Inc., | ) **(Jury Trial Demanded)** |
| | ) |
| Defendant. | ) |
| | ) |

[1]   COMES NOW, the Plaintiff Robert McClellan (hereinafter "Plaintiff"), on behalf of himself, by and through his attorney, Chris Redmann of Redmann Law, P.C., to file his complaint against Montana-Dakota Services, Inc. (hereinafter "Defendant"), and for the cause of action would show as follows:

## Statement of Action

[2]   This is an action for unpaid wages and overtime brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA").

## Parties

[3]   Plaintiff is a citizen of the United States of America.

[4]   Plaintiff was employed by Defendant where he worked for Defendant's oilfield operations in North Dakota, performing significant work for Defendant in and around Watford City, North Dakota.

[5]   Defendant Montana-Dakota Service, Inc. is a foreign corporation which is incorporated in the State of Montana.  Defendant was registered to do business in the State of North Dakota while Plaintiff was employed.

1

[6]     On information and belief, during the time period relevant to this action, Defendant's North Dakota place of business was 5380 134th NW, Williston, ND 58801.

[7]     Service of process may be made on Defendant through its past North Dakota registered agent: **Archie John Knerr at 5380 134th NW, Williston, ND 58801** or wherever said Defendant may be found, including its principal executive office in the State of Montana through its current registered agent:  **Richard Vinson at 115 Broad Street, Thompson Falls, MT 59873**.

## Jurisdiction and Venue

[8]     On information and belief, Defendant has conducted business in the State of North Dakota and continues to conduct business in the State of North Dakota.

[9]     This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) since Plaintiff is bringing this claim under FLSA.

[10]    Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 (original jurisdiction), 1343 (original jurisdiction), and 1367 (supplemental jurisdiction).

[11]    Venue is proper in the United States District Court for the District of North Dakota pursuant to 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to this action occurred in Watford City, North Dakota.

[12]    The amount in controversy is within the jurisdictional limits of this Court pursuant to 28 U.S.C. § 1332.

[13]    This Court has jurisdiction over all claims in this action.

[14]    All conditions precedent to filing this cause of action have been met.

## Factual Allegations

[15]    Plaintiff was employed by Defendant from approximately February 25, 2016, through June 22, 2016, as a Gas Capture Operator.

[16]  From approximately February 25, 2016, through June 22, 2016, Defendant employed approximately seven employees in North Dakota.

[17]  Plaintiff's job duties consisted exclusively of "blue collar," manual labor. Plaintiff's duties included taking gas readings off a compressor to determine compression amounts and production of liquid each day. Plaintiff entered that information into a report and sent it to the main office for analysis and additional direction. Plaintiff conducted checks on the compressors for pressures and methanol levels and recorded the same. Plaintiff also participated in site disassembly wherein he took pipes apart, cleaned fittings, and manually sorted each. The Defendant had customers who used propane, and the Defendant would send Plaintiff to offsite locations to check on the propane tanks and, if needed, call the drivers to fill tanks. Plaintiff was always on call for after-hour needs. When the Defendant sent Plaintiff a text message after-hours indicating a compressor was malfunctioning, Plaintiff was required drive to the field and check the malfunctioning unit. This typically involved the manual adjustment of louvers to optimize and stabilize the compressor.

[18]  Plaintiff performed all of his job duties exclusively within the borders of the State of North Dakota.

[19]  Plaintiff was paid on a weekly basis for 40 hours but worked well over 40 hours per week—often exceeding 80 hours per week. Plaintiff typically worked 12 hours per day, 7 days per week.

[20]  Defendant required and/or permitted Plaintiff to work in excess of 40 hours per week but did not compensate Plaintiff for such hours. Plaintiff was never paid time-and-a-half overtime for hours exceeding 40 hours per week.

[21]  From approximately February 25, 2016, through June 22, 2016, Plaintiff should have received time-and-one-half pay for any overtime hours he worked in order for Defendant to comply with the requirements under FLSA.

[22]    Plaintiff cannot be categorized as an exempt employee and was entitled overtime pay. *See* 29 U.S.C. § 213; N.D.Admin.Code § 46-02-07-02(4).

[23]    Defendant's conduct was in violation of FLSA, which requires employers to compensate non-exempt employees for their overtime work. *See* 29 U.S.C. § 207(a).

[24]    Defendant's conduct was also in violation of N.D.Admin.Code § 46-02-07-02(4) requiring employees to be compensated for their overtime work at a rate of one-and-one-half times the regular rate of pay.

[25]    Defendant did not keep appropriate records as required by the FLSA sufficient to determine Plaintiff's wage, hours, and other conditions and practices of employment in violation of FLSA pursuant to 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a)(5).

[26]    Plaintiff was an "employee" as defined under 29 U.S.C. § 203(e)(1).

[27]    Defendant is an "employer" as defined under 29 U.S.C. § 203(d).

[28]    Defendant has had, and continues to have, an annual gross income of sales or business conducted of not less than $500,000.

[29]    Defendant was engaged in interstate commerce by preparing or producing commodities, goods, or materials for interstate sale or distribution and, among other things, dispatched employees and equipment across state lines via channels of interstate commerce.

[30]    Defendant's failure to pay overtime under the FLSA was willful pursuant to 29 U.S.C. § 201, *et seq.*

[31]    Defendant neither acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff is entitled to an extended statute of limitations, liquidated damages, costs, and other disbursements outlined herein. *See* 29 U.S.C §§ 216(b), 255(a).

## First Claim

### FAILURE TO PAY OVERTIME WAGES UNDER FEDERAL LAW

[32] Plaintiff incorporates all allegations contained in the preceding paragraphs.

[33] At all relevant times, Plaintiff was entitled to the rights, protections, and benefits provided under the FSLA, 29 U.S.C. §§ 201, *et. seq*.

[34] Defendant's failure to pay overtime compensation to Plaintiff violates the FLSA.

[35] Accordingly, Plaintiff is entitled to compensation for overtime hours worked.

[36] Additionally, Plaintiff is entitled to an amount equal to his unpaid overtime wages as liquidated damages, as well as reasonable attorneys' fees, expert witness fees, and costs of this action as provided by 29 U.S.C. § 216(b).

[37] Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described pursuant to 29 U.S.C. § 216(b).

[38] Alternatively, should the Court find Defendant acted in good faith and that they had reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## Second Claim

### FAILURE TO PAY OVERTIME WAGES UNDER NORTH DAKOTA LAW

[39] Plaintiff incorporates all allegations contained in the preceding paragraphs.

[40] North Dakota Administrative Code § 46-02-07-02(4), requires Plaintiff to be paid at a rate of one-and-one-half his regular rate of pay for overtime hours worked.

[41]     As Plaintiff was not paid time-and-one-half his regular rate of pay for hours worked over 40 in a work week, Plaintiff is entitled to compensation for overtime hours worked under North Dakota law.

[42]     Additionally, Plaintiff is entitled to interest on his unpaid overtime wages as provide by N.D.C.C. § 34-14-09.1.

## Third Claim

### DAMAGES

[43]     Plaintiff incorporates all allegations contained in the preceding paragraphs.

[44]     Plaintiff has lost compensation for the period of time allowed by law which Defendant failed to pay Plaintiff for overtime hours he worked.

[45]     The FSLA violations of the Defendant give rise to the following damages: back wages, liquidated damages, pre-judgment interest, and attorney's fees.

[46]     In addition, Plaintiff seeks attorney's fees, expert witness fees, pre-judgment and post-judgment interest, and costs as allowed under statute.

## Fourth Claim

### ATTORNEY'S FEES

[47]     Plaintiff incorporates all allegations contained in the preceding paragraphs.

[48]     As a result of the acts and omissions of Defendant, as specifically set forth herein, it was necessary for Plaintiff to secure counsel to present and prosecute this matter on his behalf.

[49]     Plaintiff is entitled to recover attorney's fees and costs for bringing this action pursuant to 29 U.S.C. § 201, *et. seq*., and other relevant statutes.

## Jury Demand

[50]     Plaintiff hereby requests a trial by jury on all issues triable by a jury in this case.

**Prayer for Relief**

[51]    WHEREFORE, Plaintiff respectfully requests judgment be entered in his favor awarding Plaintiff:

a. Proper overtime compensation for all unpaid hours worked in excess of 40 hours at the rate of one-and-one-half times his regular rate;

b. An equal amount as liquidated damages as allowed under the FLSA as provided under 20 U.S.C. § 216(b);

c. Damages accrued for a three-year period;

d. Reasonable and necessary attorney's fees, costs, expert witness fees, and expenses of this action as provided by the FSLA;

e. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

f. Such other relief as to which Plaintiff may be entitled and this Court deems appropriate.

Dated this 22nd day of June, 2018.

>    Redmann Law, P.C.
>    400 E. Broadway Ave., Ste. 410
>    P.O. Box 7097
>    Bismarck, ND 58507-7097
>    (701) 751-7188
>    *Attorneys for Plaintiff*
>
>    /s/ Chris Redmann
>    Chris Redmann (ND ID #07523)
>    credmann@redmannlawpc.com